UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| COFFEYVILLE RESOURCES REFINING & MARKETING, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>LIBERTY SURPLUS INSURANCE CORPORATION, ILLINOIS UNION INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA, WESTCHESTER FIRE INSURANCE COMPANY,<br><br>    Defendants. | CIVIL ACTION NO.  08-01204-WEB-KMH |

**ANSWER OF DEFENDANT, LIBERTY SURPLUS INSURANCE CORPORATION, TO PLAINTIFF, COFFEYVILLE RESOURCES REFINING & MARKETING, LLC'S COMPLAINT**

The defendant, Liberty Surplus Insurance Corporation ("Liberty"), responds to the Complaint of the plaintiff, Coffeyville Resources Refining & Marketing, LLC ("Coffeyville Resources") as follows:

**INTRODUCTION**

Coffeyville Resources's introductory paragraph to its Complaint is improper pursuant to the Fed. R. Civ. P. 10(b) and, therefore, no response is required. To the extent that a response is deemed necessary, Liberty is without sufficient information or knowledge to admit or deny the factual assertions in the introductory paragraph, but specifically denies that it breached any policy obligations to indemnify Coffeyville Resources.

**PARTIES**

1. Admitted.

2. Admitted.

3. Liberty is without sufficient information or knowledge or admit or deny the allegations contained in paragraph 3.

4. Liberty is without sufficient information or knowledge or admit or deny the allegations contained in paragraph 4.

5. Liberty is without sufficient information or knowledge or admit or deny the allegations contained in paragraph 5.

## JURISDICTION

6. Admitted.

## VENUE

7. Liberty admits that venue is proper pursuant to 28 U.S.C. § 1391, but denies the allegation that venue is proper pursuant to 28 U.S.C. § 131.

## ALLEGATIONS COMMON TO ALL COUNTS

## FLOOD AND OIL SPILL

8. Liberty admits that the Verdigris River overflowed its banks in the Coffeyville area on or about June 30, 2007 breaching the refinery levee. Liberty is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 8.

9. Liberty admits that the rising flood waters required a shut down of the refinery, and Liberty is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 9.

10. Liberty is without sufficient information or knowledge or admit or deny the allegations contained in paragraph 10.

11. Liberty admits that class action lawsuits were filed in the District Court of Montgomery County, Kansas and in the United States District Court for the District of Kansas.

34042285v1 879118 54359

Liberty is without sufficient information or knowledge to admit or deny the amounts expended by Coffeyville Resources or the categories in which these sums were expended. Liberty admits that the amounts paid by Coffeyville Resources form the basis of its claim against Liberty.

## STRICT LIABILITY AND PAYMENT OF REPARATIONS

12. Paragraph 12 states a legal conclusion to which no response is required. To the extent that a response is deemed necessary, Liberty denies the allegations in this paragraph as the obligations promulgated by this statute are not accurately stated.

13. Liberty admits that Coffeyville Resources and/or its agents received, investigated and paid claims of third parties, but denies the characterization that all of the claims were for personal property damages, real property damages, bodily injuries, business interruption losses and consequential damages.

14. Paragraph 14 states a legal conclusion to which no response is required. To the extent that a response is deemed necessary, Liberty is without sufficient information or knowledge to admit or deny the allegations in paragraph 14.

15. Liberty admits that it issued an insurance policy to Coffeyville Resource (the "Policy"); however, the Policy, being a written instrument, speaks for itself. Liberty is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 15.

## LSI
## POLLUTION LIABILITY TOWER – PRIMARY COVERAGE

16. The Policy, being a written instrument, speaks for itself. To the extent that a response is deemed necessary, Liberty admits that the Policy had an aggregate limit of $25,000,000 that was subject to several sub-limits of liability. The sub-limits had specific deductibles as stated in the Policy and its endorsements.

17. The Policy No. TVE-NY-101041-016 and all applicable endorsements, being written instruments, speak for themselves. To the extent that a response is deemed necessary, Liberty denies that all coverages under the policy are valid through September 6, 2011 and admits that the quoted language is contained within endorsement no. 15.

18. Liberty admits that Coffeyville Resources made a claim for the limits under the Policy and that Liberty tendered $10,000,000 in satisfaction of its sub-limit for "clean-up costs." Liberty denies that it contends that the payment of the $10,000,000 sub-limit for "clean-up costs" precludes indemnification for bodily injury and property damage and that all identified property damage could be remediated through "clean-up." Liberty further denies that it continues to deny any further payment obligation under the Policy.

## ILLINOIS UNION
## POLLUTION LIABILITY TOWER – EXCESS COVERAGE

19. Liberty is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 19.

20. Liberty is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 20.

## NATIONAL UNION
## COMPREHENSIVE GENERAL LIABILITY TOWER – PRIMARY COVERAGE

21. Liberty is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 21.

22. Liberty is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 22.

34042285v1 879118 54359

## WESTCHESTER
## COMPREHENSIVE GENERAL LIABILITY TOWER – EXCESS COVERAGE

23. Liberty is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 23.

24. Liberty is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 24.

## ALLIED
## COMPREHENSIVE GENERAL LIABILITY TOWER – TOP LAYER COVERAGE

25. Liberty is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 25.

26. Liberty is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 26.

27. Liberty is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 27.

28. Liberty is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 28.

## COUNT I

## BREACH OF ENVIRONMENTAL INSURANCE CONTRACTS BY LSI AND ILLINOIS UNION

29. Liberty admits that it issued an indemnification payment to Coffeyville Resources in the amount of $10,000,000 pursuant to its "clean-up costs" sub-limit. Liberty denies that it denied liability beyond the $10,000,000 payment for "clean-up" because all oil spill losses could potentially be cleaned up.

30. Paragraph 30 states a legal conclusion to which no response is required and that the Policy, being a written instrument, speaks for itself. To the extent that a response is deemed necessary, Liberty denies that it is responsible to Coffeyville Resources up to the limits of the Policy, but admits that the quoted language appears in the Policy.

31. Denied.

32. Denied.

33. Liberty is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 33.

34. Liberty is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 34.

## COUNT II

### BREACH OF COMPREHENSIVE GENERAL LIABILITY INSURANCE CONTRACTS BY NATIONAL UNION AND WESTCHESTER

35. Liberty is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 35.

36. Liberty is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 36.

37. Liberty is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 37.

38. Liberty is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 38.

39. Liberty is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 39.

34042285v1 879118 54359

40. Liberty is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 40.

41. Liberty is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 41.

### FIRST AFFIRMATIVE DEFENSE

Coffeyville Resources has failed to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

All or some of the damages and loss alleged in Coffeyville Resources's Complaint were caused by a peril excluded by the Policy issued by Liberty.

### THIRD AFFIRMATIVE DEFENSE

All or some of the damages and loss alleged in Coffeyville Resources's Complaint were not covered by the Policy issued by Liberty.

### FOURTH AFFIRMATIVE DEFENSE

Coffeyville Resources's claims may be barred or limited due to its failure to comply with and/or breach of the conditions and the requirements of the Policy issued by Liberty.

### FIFTH AFFIRMATIVE DEFENSE

Coffeyville Resources's claims may be barred or limited by the doctrines of waiver or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Any damages allegedly incurred by Coffeyville Resources may have resulted from the acts and/or omissions of those over whom Liberty has no control, including Coffeyville Resources's own conduct.

34042285v1 879118 54359

|  |  |
|---|---|
|  | Respectfully submitted,<br>LIBERTY SURPLUS INSURANCE CORPORATION<br>By Its Attorneys,<br><br><u>/s/ *Timothy J. Finnerty*</u><br>Timothy J. Finnerty, SCt. #10946<br>WALLACE, SAUNDERS, AUSTIN,<br>    BROWN & ENOCHS, Chartered<br>400 O.W. Garvey Center<br>200 West Douglas<br>Wichita, Kansas   67202<br>Tel: (316) 269-2100 / Fax: (316) 269-2479<br>E-mail: tjf@wsabe.com<br><br><u>/s/ *David A. Grossbaum*</u><br>David A. Grossbaum, Esq., MA BBO #546020<br>*Pro hac vice* admission to be requested<br>Justin M. Fabella, Esq., MA BBO #666252<br>*Pro hac vice* admission to be requested<br>Hinshaw & Culbertson LLP<br>One International Place, 3rd Floor<br>Boston, MA 02110<br>Tel: 617-213-7000 / Fax: (617) 213-7001<br>E-mail: dgrossbaum@hinshawlaw.com |
| Date:   August 29, 2008 | E-mail: jfabella@hinshawlaw.com |

CERTIFICATE OF SERVICE

      I, Timothy J. Finnerty, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 29, 2008.

                                              */s/ Timothy J. Finnerty* _____
                                              Timothy J. Finnerty

34042285v1  879118  54359