IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **COFFEYVILLE RESOURCES REFINING & MARKETING, et. al.,** )<br>)<br>**Plaintiffs,**                    )<br>)<br>v.                                                   )<br>)<br>**LIBERTY SURPLUS INSURANCE CORPORATION, et al.,** )<br>)<br>**Defendants.**                  )<br>_____)  | Case No. 08-1204-WEB |

## MEMORANDUM AND ORDER

This matter is before the court on (1) plaintiff's motion for a protective order (Doc. 94); (2) defendant National Union Fire Insurance Company of Pittsburgh's ("National") motion to compel (Doc. 104) and (3) National's motion to amend the scheduling order (Doc. 174). The motions for a protective order and to compel concern discovery related to Becht Engineering, a firm which provided a report and consultative services to plaintiff. For the reasons set forth below, plaintiff's motion for a protective order shall be **GRANTED** and National's motion to compel shall be **DENIED WITHOUT PREJUDICE**. National's motion to amend the scheduling order shall be **GRANTED.**

### Background

This is a breach of contract action by plaintiff against its insurers. Highly

summarized, plaintiff alleges that the Verdigris River topped its banks in the Coffeyville, Kansas, area on the afternoon of June 30, 2007 and that the water continued to rise that evening and the following day. The rapidly rising flood waters required an emergency shutdown of the Coffeyville Resources refinery and plaintiff accidentally released 80,000 gallons of crude oil and 9,000 gallons of crude oil fractions into the flood waters. The flood waters transported the crude oil into and around the City of Coffeyville and caused extensive damage.

Plaintiff had pollution and/or general liability insurance coverage with defendants and, as of the date of filing this lawsuit, has received ten million dollars in indemnification from defendants.[1] However, plaintiff alleges that it has expended more than fifty million dollars for remediation, settlements, administrative costs, litigation costs and fines associated with the oil pollution. Plaintiff contends that the insurers have breached their respective insurance contracts and seeks to recover the difference between its expenditures and insurance reimbursements.

## Plaintiff's Motion for a Protective Order
## and
## National's Motion to Compel

Litigation by various parties commenced almost as soon as the flood waters began to recede. On July 5, 2007, Danny Durham filed a class action lawsuit in the United States

---

[1] Defendant Liberty Surplus Insurance settled with plaintiff for an undisclosed amount after this case was filed. (Doc. 44, filed September 23, 2008).

District Court of Kansas against Coffeyville Resources to recover damages related to the flood. The following day, Western Plains Alliance filed a class action lawsuit against Coffeyville Resources in the District Court of Montgomery County, Kansas. Counsel for Coffeyville Resources retained the services of Becht Engineering to investigate and consult on issues related to the oil release and litigation. Becht Engineering conducted an investigation from July 9 through July 14 and submitted a report to counsel on August 29, 2007.

Prior to completion of the report by Becht, counsel for the Coffeyville Resources stated in an August 21, 2007 letter to the insurance companies that a copy of the report would be provided "immediately upon receipt." However, plaintiff did not provide a copy of the report and National served plaintiff with a production request seeking:

> The Becht Engineering Report referred to in Lee Smithyman's correspondence to Edmund Papazian dated August 21, 2007.

National also served plaintiff with notice of an intent to issue a business records subpoena to Becht Engineering for:

> all documents related to your work for Coffeyville Resources with respect to the oil pollution release which took place at the refinery and its aftermath, including but not limited to the following:
>
> 1. all documents relating to your analysis of the cause and origin of the oil pollution release; and
>
> 2. all documents relating to the amount of fees you billed Coffeyville Resources with respect to your work relating to the oil pollution release and its aftermath.

Plaintiff objects to producing the requested documents and filed a motion for a protective

-3-

order, arguing that the materials are protected from disclosure by Rule 26(b)(4)(B), Rule 26(b)(3), and the attorney-client privilege. National opposes the protective order and moves to compel, arguing that plaintiff has failed to show that the requested materials are protected from discovery. Moreover, even if the materials satisfy the "work product" requirements of Rules 26(b)(4)(B) and 26(b)(3), National argues that "exceptional circumstances" and/or "substantial needs" exist and the materials should be produced. The parties' arguments are discussed in greater detail below.

## Attorney Client Privilege

As noted above, plaintiff contends that the Becht materials are protected by the attorney-client privilege. National counters that plaintiff has not established that the attorney-client privilege is applicable to the requested materials. As explained below, the court is not persuaded that plaintiff has carried its burden of showing that the materials are protected by the attorney-client privilege.

Jurisdiction in this case is based on diversity of citizenship. In a diversity case, "state law supplies the rule of decision on privilege" by operation of Fed. R. Evidence 501. Frontier Refining, Inc. v. Gorman-Rupp Co., 136 F.3d 695, 699 (10th Cir. 1998). Under Kansas law, the essential elements of this privilege are:

> (1) Where legal advice is sought (2) from a professional legal advisor in his capacity as such, (3) the communications made in the course of that relationship (4) made in confidence (5) by the client (6) are permanently protected (7) from disclosures by the client, the legal advisor, or any other witness (8) unless the privilege is waived.

State v. Maxwell, 10 Kan. App. 2d 62, 63 (1984)(citation omitted); see also, K.S.A. 60-426.[2] "[C]ommunication includes advice given by the lawyer in the course of representing the client and includes disclosures of the client to a representative, associate, or employee of the lawyer incidental to the professional relationship." K.S.A. 60-426(c)(2). "[C]lient means a person or corporation or other association that, directly or through an authorized representative, consults a lawyer or lawyer's representative for the purpose of ... securing legal services or advice...." K.S.A. 60-426(c)(1). The party objecting to discovery on the basis of the privilege has the burden of establishing that it applies. Cypress Media, Inc. v. City of Overland Park, 268 Kan. 407, 425 (2000). This burden includes showing that the attorney-client privilege has not been waived. See Johnson v. Gmeinder, 191 F.R.D. 638, 642 (D. Kan. 2000)(holding that the absence of waiver is one of the eight essential elements that must be established under Kansas law).

Plaintiff argues that "a lawyer's communications with an expert–an 'authorized representative' of the client–for purposes of rendering legal advice, are protected by the attorney-client privilege." Doc. 95, p. 26. Citing Western Resources, Inc., v. Union Pacific Railroad Co., 2002 WL 181494 at *7. Additionally, plaintiff contends that disclosure of the Becht report "would reveal privileged information and the work-product of Coffeyville Resources' legal counsel" and that redaction of counsel's mental impressions, conclusions,

---

[2] "Whether the court applies federal or Kansas law generally makes no difference in determining whether the attorney-client privilege applies." ERA Franchise Systems, Inc., v. Northern Insurance Company of New York, 183 F.R.D. 276, 278, n.1 (D. Kan. 1998). No conflict appears to exist between federal and Kansas law concerning the attorney client privilege. Id.; Cypress Media, Inc. v. City of Overland Park, 268 Kan. 407, 423 (2000).

opinions, and theories is "impossible in this case." Doc. 95, p. 27.

The difficulty with plaintiff's claim of an attorney-client privilege is that it is based on the conclusory assertion that Becht Engineering is/was an "authorized representative" of the client. However, as Judge Waxse noted in Western Resources, the existence of the attorney-client privilege is determined on a case-by-case basis and whether a "consultant" is an "authorized representative" depends on the relationship between the consultant and the client. Id. at *7. The court is simply not persuaded that plaintiff has carried its burden of showing that Becht Engineering was an "authorized representative" for purposes of the attorney-client privilege.[3] Accordingly, plaintiff's claim of an attorney-client privilege concerning the Becht report fails.[4]

---

[3] This ruling is limited to the conclusory assertion by plaintiff that an expert is an "authorized representative." The majority of the parties' arguments in their respective briefs concern Rules 26(b)(3) and 26(b)(4)(B).

The court agrees with Judge Waxse's holding in Western Resources that an expert or consultant may, ***depending on the circumstances***, be an "authorized representative" of the client for purposes of the attorney-client privilege. However, this court will not fashion arguments on plaintiff's behalf.

[4] Judge Waxse also held that it is "vital to the privilege ... that the communication be made *in confidence* for the purpose of obtaining *legal* advice from a lawyer." Western Resources at *7 (emphasis in original). However, plaintiff's August 21, 2007 statement that a copy of the report would be made available "immediately upon receipt" suggests that the communication/report from Becht Engineering to plaintiff's counsel was not intended to be *in confidence*.

## Rules 26(b)(4)(B) and 26(b)(3)

Plaintiff also argues that the requested materials are protected from discovery by Fed. R. Civ. P. 26(b)(4)(B) and 26(b)(3). Rule 26(b)(4)(B) provides:

> *(B) Expert Employed Only for Trial Preparation.* Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
>
> > (i) as provided in Rule 35(b); or
> >
> > (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Similarly, Rule 26(b)(3)(A) provides:

> (A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> > (i) they are otherwise discoverable under Rule 26(b)(1); and
> >
> > (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

The court is satisfied that plaintiff has established the threshold requirements for protection under both rules. Plaintiff's general counsel retained Becht Engineering *after* litigation had commenced to assist counsel with the pending class action lawsuits and other anticipated litigation related to the flood and oil release. Doc. 95-3, Affidavit of Edmund

Gross, Plaintiff's General Counsel.[5] Moreover, the report and related materials have not been disclosed to any third party and only plaintiff's in-house counsel and outside legal team have reviewed the Becht report. Equally important, plaintiff represents that Becht employees will not be called as witnesses at trial. Because plaintiff (1) retained Becht Engineering as an expert to assist it in "anticipation of litigation or for to prepare for trial" and (2) Becht employees are not expected to testify at trial, the protections afforded under Rule 26(b)(4)(B) are applicable. The report is also protected under Rule 26(b)(3)(A) because it was clearly prepared in anticipation of litigation (the pending class action lawsuits).

National argues that plaintiff's claims of protection under Rules 26(b)(4)(B) and Rule 26(b)(3)(A) fail because plaintiff has not produced a privilege log. However, a privilege log is unnecessary in this instance because National's production request seeks only one document–the report prepared by Becht for plaintiff's counsel. The (1) source, (2) recipient, (3) date of preparation, (4) purpose and (5) claimed privileges concerning the document are all sufficiently identified in the parties' briefs. Under the circumstances, no purpose is served by requiring a formal privilege log for one document.

National's proposed subpoena to Becht Engineering includes a request that certain additional documents be brought to Becht's deposition. Again, a formal privilege log for the various requested documents is not required because the issue before the court is whether the

---

[5] National's arguments that the plaintiff did not retain Becht Engineering for purposes of litigation are superficial and summarily rejected without further comment.

-8-

deposition of Becht Engineering is prohibited by Rule 26(b)(4)(B).[6] A listing of individual documents in Becht's possession is unnecessary for the determination under Rule 26(b)(4)(B) as to whether the expert or consultant (1) was retained in anticipation of trial and (2) is expected to testify at trial.[7]

National also argues that plaintiff has waived any protection under Rules 26(b)(4)(B) and 26(b)(3) when responding to insurer inquiries. Specifically, National argues that plaintiff waived any protection by advising insurers in the August 21, 2007 letter that "the investigation has not revealed any additional oil release sources." Contrary to National's arguments, the court is not persuaded that plaintiff is using the report "as both a sword and shield" in this case. There is no evidence that plaintiff is using part of the Becht report to prove its case while attempting to withhold other portions of the report.

The more difficult issue is whether National has established "exceptional circumstances" under Rule 26(b)(4) or "substantial need" under Rule 26(b)(3) for discovery of the Becht materials. National argues that exceptional circumstances were created by plaintiff's promise to provide the Becht report on August 21, 2007. Plaintiff then "changed conditions at the refinery by starting up operations and using the relevant tanks, valves and

---

[6] Rule 26(b)(4)(B) prohibits the deposition of the non-testifying expert if the requirements of the rule are satisfied.

[7] The protection afforded trial preparation experts under Rule 26(b)(4)(B) is, in one sense, broader than the attorney-client privilege or work product under Rule 26(b)(3). "Facts" are generally discoverable regardless of the attorney-client privilege or work product doctrine. However, Rule 26(b)(4)(B) prohibits the discovery of "***facts known*** or opinions held" by the non-testifying trial preparation expert unless "exceptional circumstances" are shown.

piping that had been inspected by Becht." National argues it was not practical, at that point, for National to secure the same information. Plaintiff counters that National could/should have initiated its own investigation in a timely fashion; thus, exceptional circumstances do not exist. Plaintiff also argues that the refinery was restarted before the August 21, 2007 letter; therefore, plaintiff's letter offering to provide a copy of the Becht report was not a factor in National's decision whether to conduct an investigation before the refinery was reopened.

The court is not persuaded, based on the present record, that National has established "exceptional circumstances" or "substantial need" because there is an ambiguity as to whether the refinery was restarted and conditions changed before or after plaintiff promised to provide a copy of the Becht report. Moreover, the refinery tanks and physical layout of the plant did not change after the Becht report was prepared. The court has no doubt that certain valves may have been turned to closed positions (to stop the leak) but National has not sufficiently explained the significance of whether a valve was opened or closed to the issues in this breach of contract action against insurance companies.

The more significant question is whether Becht took witness statements during its investigation and whether National is able to gather similar information from the witnesses. The court simply cannot tell from the current record. Accordingly, National's motion to compel shall be DENIED WITHOUT PREJUDICE. However, National shall be granted leave to depose additional witnesses and, depending on the witnesses' recollections and testimony, National may refile its motion and supplement its arguments for "exceptional

circumstances" or "substantial need," if deemed appropriate.

## National's Motion to Amend the Scheduling Order

National moves to amend sections 2(b) and 2(g) of the scheduling order. Section 2(b) provided for a fact discovery cutoff date of January 30, 2009. Section 2(g) limited National to four depositions. National seeks to extend fact discovery to April 15, 2009 and permission to depose 16 fact witness. Plaintiff opposes the motion.

The initial scheduling order's (1) deadline of January 30, 2009 for fact discovery and (2) a limit of four depositions were based on the court's understanding that substantial discovery had already taken place and only minor additional fact discovery was necessary. However, subsequent arguments and briefing have convinced the court that its initial evaluation of the discovery needs for this case were overly optimistic and too narrow. National has shown good cause for amending the scheduling order and the deadline for fact discovery shall be extended to April 15, 2009. National is granted leave to take an additional eight depositions (for a total of twelve).

**IT IS THEREFORE ORDERED** that plaintiff's motion for a protective order **(Doc. 94)** is **GRANTED** and National's motion to compel **(Doc. 104)** is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that National's motion to amend the scheduling order **(Doc. 174)** is **GRANTED.** The deadline for the completion of fact discovery is extended to **April 15, 2009** and National is granted leave to conduct eight additional depositions (for

-12-

a total of twelve).

       Dated at Wichita, Kansas this 24th day of March 2009.

                                              S/ Karen M. Humphreys
                                              KAREN M. HUMPHREYS
                                              United States Magistrate Judge