**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **COFFEYVILLE RESOURCES REFINING & MARKETING, et. al.,** ) ) ) | |
| **Plaintiffs,** ) ) | |
| v.        ) ) | Case No. 08-1204-WEB |
| **LIBERTY SURPLUS INSURANCE CORPORATION, et al.,** ) ) ) ) | |
| **Defendants.** ) ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant National Union Fire Insurance Company of Pittsburgh's ("National") motion to extend the deadline for its Rule 26(a)(2) expert disclosures. (Doc. 186). Specifically, National seeks to extend its deadline until (1) the court rules on National's objection to plaintiff's expert disclosures and (2) National has the opportunity to depose Bernie Shaner (one of plaintiff's experts). For the reasons set forth below, National's motion for an extension of time shall be **GRANTED**.

## National's Objection to Plaintiff's Expert Disclosures
## and
## Motion for an extension of time[1]

The amended scheduling order provides that plaintiff's Rule 26(a)(2) expert disclosures are due on or before January 15, 2009 and that defendant's Rule 26(a)(2) expert disclosures are due February 15, 2009. Order, Doc. 112. On January 14, 2009, plaintiff identified Bernie Shaner, an appraiser, as a "Rule 26(a)(2)(A)" testifying expert witness. However, because plaintiff did not consider Mr. Shaner a "specially retained expert witness," none of the written disclosures required by Rule 26(a)(2)(B) were provided.[2]

National filed "objections" to plaintiff's Rule 26(a)(2) disclosures and argued that plaintiff's disclosure of Bernie Shaner should be stricken for failure to provide a written report as required by Rule 26(a)(2)(B). (Doc. 173, filed January 26, 2009).[3] On January 27, plaintiff provided National with Mr. Shaner's "recently completed" report, dated January 21, 2009. National then moved for an extension of time, asking that its expert witness disclosure

---

[1] The background of this case was set forth in a prior opinion and will not be repeated. See, Memorandum and Order, Doc. 221, filed March 24, 2009.

[2] Plaintiff also disclosed two other experts: Dr. Millner and Dr. Sproles. Both men are toxicologists. Plaintiff did not consider these two individuals as retained experts for trial and similarly did not provide Rule 26(a)(2)(B) reports for these two witnesses.

[3] National also "objects to the disclosures of Glenn Millner and Robert Sproles to the extent that these witnesses intend to testify beyond the facts that they acquired during the course of their involvement in the underlying transactions or occurrences that are the subject of this litigation." Doc. 173, p. 4.

The court expresses no opinion concerning Dr. Millner or Dr. Sproles. Neither party provided any information concerning these two witness from which the court could base a ruling.

deadline should be extended "until the court resolves National Union's objection to plaintiff's expert disclosure and National Union has the opportunity to depose Bernie Shaner."  (Doc. 186, p 3).[4]

With respect to the parties' dispute concerning Mr. Shaner, the court is persuaded that he is subject to the written report requirements of Rule 26(a)(2)(B).  Plaintiff confirmed during the February 17, 2009 status conference that Mr. Shaner would be compensated for his anticipated expert trial testimony.  Moreover, his January 21 report was prepared for use in this case and he is expected to testify about opinions expressed in the report.[5] Accordingly, he is a witness who has been "retained" to provided expert testimony in the case as described in Rule 26(a)(2)(B) and he must comply with the written report

---

[4] Plaintiff filed no formal response to National's motion.  However, plaintiff moved to strike any defendants' expert disclosures produced after February 15, 2009.  (Doc. 192, filed February 16, 2009).  Plaintiff then withdrew its motion to strike on February 19, 2009, stating that expert disclosures were produced by defendants on February 17.  (Doc. 201).  Unfortunately, neither party indicates whether National's "objection" to Mr. Shaner has been resolved or whether the requested extension of time is moot.  This order resolves any ambiguity.

[5] Plaintiff's argument that Mr. Shaner's appraisal opinions are for "independent routine business purposes" such as (1) establishing a reasonable value of the property for purposes of some future donation, trade or transfer, or (2) establishing plaintiff's loss for accounting purposes is not persuasive.  Mr. Shaner's 115-page report was prepared for purposes of this litigation.

requirements set forth in the rule.[6]

Because plaintiff failed to comply with Rule 26(a)(2)(B)'s written disclosure requirements concerning Mr. Shaner, National's request for an extension of time to provide its expert disclosures shall be granted. However, the extension shall be limited to expert disclosures related to Mr. Shaner's appraisal opinions.

**IT IS THEREFORE ORDERED** that plaintiff provide National with a written report for Mr. Shaner that complies with Rule 26(a)(2)(B) on or before **April 7, 2009.**

---

[6]

It is not entirely clear whether Mr. Shaner's 115-page, January 21 report sets forth all the opinions he will express at trial. Moreover, although the January 21 report provides a considerable amount of information concerning Mr. Shaner and his appraisal methodology, the report does not appear to comply with all of the requirements in Rule 26(a)(2)(B) (e.g., a list of cases the witness has testified in as an expert the past four years). Plaintiff shall be given a brief period of time to correct these deficiencies.

-4-

**IT IS FURTHER ORDERED** that National shall provide its expert witness disclosures concerning appraisal testimony on or before **April 17, 2009.**[7]

Dated at Wichita, Kansas this 27th day of March 2009.

S/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[7] The parties may modify these dates by mutual agreement without further involvement by the court.