IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COFFEYVILLE RESOURCES REFINING<br>& MARKETING, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| LIBERTY SURPLUS INSURANCE<br>CORPORATION, | )<br>)<br>) |
| ILLINOIS UNION INSURANCE COMPANY, | )<br>) |
| NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA., | )<br>)<br>) |
| WESTCHESTER FIRE INSURANCE<br>COMPANY, | )<br>)<br>) |
| Defendants. | )<br>) |

No. 08-1204-WEB-KMH

**Memorandum and Order**

Plaintiff Coffeyville Resources Refining & Marketing, LLC operates a refinery in Coffeyville, Kansas. On or about June 30, 2007, the Verdigris River in southeast Kansas flooded, inundating the refinery and much of the surrounding area. During the flood, a large amount of crude oil was released into the flood waters and was carried into the City of Coffeyville, causing widespread damage to homes, businesses, and other areas. The incident gave rise to extensive claims against the plaintiff.

At the time of the flood, Coffeyville Resources had liability insurance policies with the above-named defendants. Plaintiff filed this action on July 10, 2008, claiming it has now expended more than $50,000,000 in remediation of oil pollution damage and settlement of

property damage claims and other items allegedly covered by the various policies.  The complaint alleges that the defendants have breached the obligation to indemnify plaintiff under the policies.[1]  Jurisdiction in this court is asserted pursuant to 28 U.S.C. § 1332(a).

I. *Background*.

There are a number of pending motions in the case, including the following:

1. *National Union Motion for Partial Summary Judgment (Doc.77)*.  National Union seeks a declaration that to the extent plaintiff's liabilities are covered under the National Union and the Illinois Union policies, plaintiff must first exhaust coverage under the Illinois Union policy before coverage will attach under the National Union policy.

2. *Coffeyville Resources Motion for Partial Summary Judgment (Doc. 81)*.  Plaintiff seeks a declaration construing various provisions, including a "clean-up costs" exclusion in the Illinois Union policy and the qualified pollution coverage in the National Union policy.  It also seeks a declaration that National Union's coverage drops down to reimburse oil remediation liability otherwise excluded by the Illinois Union policy, and a declaration that Illinois Union's policy is primary and National Union's is excess with respect to liability for various losses or costs.

3. *Illinois Union Motion for Summary Judgment (Doc. 83)*.  Illinois Union first argues it has no obligation to cover most of plaintiff's settlements because many of the claimants did not submit written demands to plaintiff, and the policy's coverage only applies to such demands.  Next, it argues clean-up costs are excluded by the Illinois Union policy.  It further argues

---

[1] By stipulation, the claims against defendant Liberty Surplus Insurance Corporation have since been dismissed with prejudice.  Doc. 45.

plaintiff has failed to show that its clean-up costs reach Illinois Union's monetary attachment point.  Finally, with respect to any other expenditures covered by both the Illinois Union and National Union policies, it argues the National Union policy has priority of coverage due to its "Other Insurance" clause.

4.  *National Union Motion to Strike Affidavit of Edmund S. Gross (Doc. 123)*.  National Union moves to strike the affidavit of Mr. Gross, which was submitted by plaintiff in support of its motion for partial summary judgment (Doc. 81).  National contends the affidavit is not based on the personal knowledge of Mr. Gross and contains inadmissible hearsay and other improper assertions.

5.  *National Union Motion for Partial Summary Judgment (Doc. 141)*.   National Union's second motion for partial summary judgment argues that it has no obligation to indemnify plaintiff for approximately $1.3 million in litigation support costs and $5.4 million in claims adjustment costs because National Union's policy expressly excludes any duty to defend plaintiff against claims and suits, and the policy does not indemnify plaintiff against such defense costs.

6.  *National Union Motion to Strike Plaintiff's Reply Brief (Doc. 171)*.  National Union moves to strike plaintiff's Reply Brief (Doc. 162) on the grounds that it contains new factual allegations and citations to the record that were not included in plaintiff's original memorandum. Alternatively, National Union requests leave to file a Sur-Reply to address the new factual matters.

7.  *National Union Objection to Magistrate Judge's Order of Mar. 24, 2009 (Doc. 231); National Union Motion to Strike Plaintiff's Response (Doc. 253)*.  National Union objects to a

3

portion of the Magistrate Judge's March 24, 2009 order.  The Magistrate denied National

Union's attempt to compel disclosure of "the Becht Engineering Report"– a report and related

documents prepared by an engineering firm hired by plaintiff.  National Union contends the

Magistrate erroneously found the report was protected from disclosure under the work product

doctrine.  After plaintiff filed a response to the foregoing objection, National Union filed a

motion to strike the plaintiff's response as untimely.  Doc. 253.

   II.  *Discussion*.

   A.  *Plaintiff's Motion for Partial Summary Judgment (Doc. 81); National Union's*
*Motion to Strike Affidavit of Edmund Gross and Plaintiff's Reply Brief (Docs.123, 171) .*

   After reviewing the record and the circumstances, the court first concludes that National

Union's request to file a Sur-Reply Brief to plaintiff's motion for partial summary judgment

should be granted.  National Union correctly points out that the affidavit of Mr. Gross, upon

which plaintiff relied in its initial memorandum, does not disclose the basis or source of Mr.

Gross' knowledge of several facts asserted therein.  For example, Mr. Gross describes in some

detail how the release of oil occurred and states that the release was accidental.  There is no

assertion that Mr. Gross was personally present when the release occurred, however, and the

basis of his knowledge of these events is not disclosed.  His status as General Counsel for the

refinery, standing alone, does not qualify him to make such factual pronouncements for purposes

of summary judgment.  He also discusses the refinery's claim resolution program, and asserts

that the refinery expended over $50 million in payment of claims and costs that were associated

with the oil release.  Even assuming Mr. Gross has personal knowledge of the refinery's claim

resolution program, his conclusory assertion that the amounts paid out were for damages that

were in fact caused by the oil release is unsupported by any factual basis.  Nor does the affidavit

cite to documentary or other sources that could serve as the basis for his conclusions.  In short,

these portions of the affidavit are inadequate to establish the facts asserted therein.  *Cf.*

Fed.R.Civ.P. 56(e)(1) (affidavits must be made on personal knowledge, set out facts that would

be admissible in evidence, and show that the affiant is competent to testify on the matters stated).

 In such circumstances, the court will disregard these portions of the affidavit for purposes of

summary judgment.  The motion to strike the affidavit will be denied as moot.  *See Summit*

*Financial Resources, L.P. v. Kathy's Gen. Store, Inc.*, 2009 WL 2106102 (D. Kan., July 16,

2009) (noting that court may enforce Rule 56 by disregarding improper portions of affidavit).

Perhaps recognizing the inadequacy of the affidavit, plaintiff included a number of new

facts and citations in its summary judgment Reply Brief.  National Union moves to strike the

Reply Brief on that basis, but the court concludes that striking the brief would not further the

interests of all of the parties in moving this case toward a resolution.  Rather, the court will grant

National Union's alternative request to file a sur-reply.  Although sur-replies are disfavored, they

may be allowed when the party needs an opportunity to address new information contained in the

moving party's reply.  *See McCloud v. Bd. of Geary Co. Comm'rs.*, 2008 WL 1743444 (D. Kan.,

Apr. 11, 2008).  That is clearly the case here.  Accordingly, National Union is granted leave to

file a Sur-Reply.  Once the court has that brief before it, it will proceed to address plaintiff's

motion for summary judgment and the other pending summary judgment motions.

B. *National Union Objection to Magistrate Judge's Order of Mar. 24, 2009 (Doc. 231);*
*National Union Motion to Strike Plaintiff's Response (Doc. 253).*

National Union objects to a ruling by the Magistrate Judge denying its request to compel

disclosure of the Becht report.  It also contends plaintiff's response to its objection was out of time and should be stricken.

Although the federal rules do not expressly set a deadline for responding to an objection to a Magistrate's non-dispositive order, the local rules provide a 14-day period for "the filing of responses," and this court has previously held that the 14-day period applies to responses of this type.  *See Sprint Communications Co. v. Vonage Holdings Corp.*, 500 F.Supp2d 1290, 1346 (D. Kan. 2007).  *Cf*. D.Kan. 72.1.4 (objections to magistrate's order shall be made by motion for review).  The court thus finds that Plaintiff's response to National Union's objection was filed out of time.  As National Union points out, the response was filed 16 days late.  By rule, the failure to file a response within the time limit operates as a waiver of the right to thereafter file it, except upon a showing of excusable neglect.  D.Kan.R. 7.4.  Plaintiff argues that the late filing should be allowed because defendant would suffer no prejudice.  National Union argues that plaintiff has failed to show any good cause for the late filing.

Prior to *Pioneer Investment v. Brunswick*, 507 U.S. 380 (1993), many courts held that the term "excusable neglect" did not encompass mere carelessness or errors within the control of the attorney. The Supreme Court rejected that view, however, stating that Congress "plainly contemplated that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id*. at 388.  The Court reached this view by examining the ordinary meaning of "neglect," which is "to give little attention or respect to a matter" or "to leave undone or unattended especially through carelessness." *See Id*.  The determination of what sort of neglect is excusable is an equitable one, taking account of all the relevant circumstances. *Id*. at 395.  At

least four factors are relevant: 1) the danger of prejudice to the non-moving party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was within the control of the movant; and 4) whether the movant acted in good faith. *See City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir.1994).

After examining these factors, the court concludes that plaintiff's response should be considered. National Union has identified no prejudice from the late filing, and none is apparent from the record. The delay here was not extensive and has no significant impact on the proceedings. The failure to file on time appears to have been due to simple inadvertence and there is no suggestion or showing of bad faith. The court also notes that the rules governing the response time are somewhat ambiguous, particularly when the objections were not designated as a motion for review of the magistrate's order. *See Hammond v. City of Junction City, Kan.*, 2001 WL 1665374 (D. Kan., Dec. 17, 2001); D. Kan.R. 72.1.4. In sum, the factors warrant a finding of excusable neglect. Accordingly, National Union's Motion to Strike (Doc. 253) will be denied.

The court now turns to the Magistrate's ruling and National Union's objection. The Magistrate found plaintiff's general counsel had retained Becht Engineering to assist counsel with pending class action lawsuits and other anticipated litigation related to the oil release. The Judge noted that the report and related materials had not been disclosed to any third party and that only plaintiff's counsel had reviewed the report. Furthermore, the Judge found, Becht's employees were not expected to testify at trial. Accordingly, the Magistrate found that the protections for non-testifying experts afforded by Rule 26(b)(4)(B) were applicable. Additionally, the court found that the report was protected under Rule 26(b)(3)(A) "because it was clearly prepared in anticipation of litigation (the pending class action lawsuits)." Doc. 221

at 8.

National Union argues the Magistrate erred in the following respects: (1) by failing to evaluate whether the primary purpose of Becht's retention was for litigation; (2) by finding that Becht was retained after the underlying litigation; (3) by concluding that the listing of the documents on a privilege log was not required; and (4) by concluding that the report was protected without conducting an *in camera* review of it.  Doc. 232 at 4.

As Chief Judge Vratil recently noted:

> Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a), 28 U.S.C. § 636(b)(1)(A). The Court does not conduct a de novo review; rather, it applies a more deferential standard under which the moving party must show that the magistrate judge order is "clearly erroneous or contrary to law". Fed.R.Civ.P. 72(a); *see Burton v. R.J. Reynolds Tobacco Co.*, 177 F.R.D. 491, 494 (D.Kan.1997). The Court is required to affirm the magistrate's order unless the entire evidence leaves it " 'with the definite and firm conviction that a mistake has been committed.' " *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir.1988) [citation omitted].

*N.L.R.B. v. Midwest Heating and Air Conditioning*, 251 F.R.D. 622 (D. Kan. 2008)

Based upon an affidavit from Mr. Gross, the Magistrate concluded that Gross had retained Becht to assist counsel with pending class action lawsuits and in anticipation of further litigation.  This factual finding is not clearly erroneous.  While defendant is correct that the timing of events alone cannot support a conclusion that an expert was retained for trial preparation (although it is clearly a relevant consideration in this instance), Gross' affidavit went well beyond the mere fact of timing.  He asserted that he retained Becht to consult with himself and outside counsel on issues related to pending class action suits and other litigation related to

the flood and oil release.  His affidavit gives rise to a reasonable inference that he retained Becht shortly after class action litigation was commenced against Coffeyville Resources.  He further explained that the Becht report was disclosed only to counsel and was treated by counsel as confidential work product, and that Becht employees would not be called as witnesses.  National Union has thoroughly discussed evidence and circumstances suggesting other possible motives or reasons why plaintiff might have retained Becht.  *See* Doc. 232 at 10 ("A better conclusion is that Becht was engaged to fulfill multiple obligations, which included fulfilling the requirements of Plaintiff's ICP and association federal regulations, to comply with its regular business procedures, and perhaps secondarily to support Plaintiff's litigation efforts.").  But where there are two permissible views of the evidence, the fact-finder's choice between them cannot be clearly erroneous.  The Magistrate's finding here was supported by a substantial evidentiary basis and is not clearly erroneous.  *Anderson v. City of Bessimer City, N.C.*, 470 U.S. 564, 574 (1985).  Nor does the court find error in the fact that the Magistrate did not specifically make a finding that trial preparation was the *primary* purpose for Becht's retention.  Such a finding is implicit in the Magistrate's conclusion and in her reliance upon Gross' explanation of his reason for retaining Becht.

The court also finds the Magistrate did not err by finding that plaintiff's failure to list the Becht report on a privilege log was not fatal to its claim of privilege.  "The purpose of a privilege log is to provide the opposing party and the Court with enough information to evaluate the claim of privilege."  *Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc.*, 2008 WL 5214330 (N.D. Cal., Dec. 12, 2008).  As the Magistrate noted, the source, recipient, date of preparation, purpose, and claimed privilege in this instance were all sufficiently identified and

discussed in the parties' various briefs.  It was not error or abuse of discretion for the Magistrate to conclude that "[u]nder the circumstances, no purpose is served by requiring a formal privilege log for one document."  Similarly, the court finds no error in the fact that the Magistrate did not conduct an *in camera* review of the contested documents.  The decision whether to conduct an *in camera* review is within the Magistrate's discretion.  *LaBelle v. Philip Morris Inc.*, 2002 WL 33957169 (D. S.C., Oct. 23, 2000).  *See also In re Grand Jury Subpoenas (Anderson)*, 906 F.2d 1485, 1493 (10th Cir.1990).  The court cannot say that the record before the Magistrate was so inadequate or so clouded by genuinely disputed facts that an *in camera* review was required as a matter of law.  The Magistrate's conclusion that the documents were protected under Rule 26(b)(4)(B) and 26(b)(3) was not clearly erroneous or contrary to law, and no showing has been made by National Union of exceptional circumstances or substantial need for those documents.  Accordingly, defendant's objection to the Magistrate's order is denied.

III.  *Conclusion*.

Defendant National Union's Motion to Strike Affidavit of Edmund S. Gross (Doc. 123) and Motion to Strike Plaintiff's Reply Brief (Doc. 171) are DENIED as moot.  National Union's alternative request for leave to file a Sur-reply brief is GRANTED; any such brief shall be filed by September 24, 2009.

National Union's Motion to Strike Plaintiff's Response (Doc. 253) and its Objection to the Magistrate Judge's Order of Mar. 24, 2009 (Doc. 231) are DENIED.

IT IS SO ORDERED this ___4th___ Day of September, 2009, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge

10