**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **COFFEYVILLE RESOURCES REFINING & MARKETING,**  )<br>  )<br>**Plaintiff,**  )<br>  )<br>v.  )<br>  )<br>**LIBERTY SURPLUS INSURANCE CORPORATION, et al.,**  )<br>  )<br>**Defendants.**  )<br>_____)  | Case No. 08-1204-MLB |

**MEMORANDUM AND ORDER**

This matter is before the court on Illinois Union Insurance Company's motion to strike portions of Sam McCormick's affidavit. (Doc. 325).[1] Illinois Union argues that the affidavit is an improper attempt to substantively change testimony which Mr. McCormick provided during his deposition on October 26, 2011. Plaintiff counters that the corrections noted in the affidavit are permitted by Fed. R. Civ. P. 30(e) and that the changes are not material. Illinois Union asserts that the changes are material.

The problem with the parties' debate over "materiality" is that the issue is raised without benefit of any substantive context and the court is unable to discern the significance

---

[1] Mr. McCormick is one of plaintiff's expert witnesses.

of the proposed corrections.[2] For example, one of the disputed corrections involves McCormick's original deposition testimony that certain numbers on a document were provided "by Mr. Gross' paralegal." The affidavit seeks to correct this testimony and indicates that the numbers were provided "by Mr. Gross." The limited briefing provides no clue as to the significance of whether Mr. Gross' paralegal provided the numbers rather than Mr. Gross. Similarly, plaintiff argues that another correction concerning damage computations is not significant because the correction is consistent with other deposition testimony by (1) this witness and (2) a separate Rule 30(b)(6) deposition witness.

Under the circumstances, the court declines the parties' invitation to address the materiality of the "corrections" at this time and the motion to strike shall be DENIED WITHOUT PREJUDICE. Union Illinois may reassert its objections to the affidavit in the context of a summary judgment motion or other dispositive motion when the materiality of the testimony is fully developed.

---

[2] Issues concerning Rule 30(e) deposition corrections and "sham affidavits" have been addressed by the Tenth Circuit in the context of summary judgment rulings where the materiality of the testimony is obvious. See, e.g., Burns v. Bd of County Commissioners of Jackson County, 330 F. 3d 1275 (10th Cir. 2003). In this case, there is no pending summary judgment motion and defendants do not explain how a ruling on this evidentiary issue materially advances the resolution of this case.

**IT IS THEREFORE ORDERED** that Illinois Union's motion to strike **(Doc. 325)** is **DENIED WITHOUT PREJUDICE.**

Dated at Wichita, Kansas this 23rd day of February 2012.

                                                  S/Karen M. Humphreys
                                                  KAREN M. HUMPHREYS
                                                  United States Magistrate Judge