# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **COFFEYVILLE RESOURCES REFINING & MARKETING,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )    Case No. 08-1204-MLB <br>) |
| **LIBERTY SURPLUS INSURANCE CORPORATION, et al.,** | )<br>)<br>) |
| **Defendants.** | )<br>) |

## MEMORANDUM AND ORDER

This matter is before the court on defendant National Union Fire Insurance Company of Pittsburgh's ("National Union") motion to compel. (Doc. 336). For the reasons set forth below, National's motion shall be GRANTED.[1]

## Background

This is a breach of contract action by plaintiff against its insurers. Highly summarized, plaintiff alleges that defendant insurers have wrongfully refused to provide insurance payments for damages caused by the accidental release of crude oil from plaintiff's Coffeyville refinery in the summer of 2007. Plaintiff contends that rapidly rising flood

---

[1] Plaintiff requests oral argument on the motion. (Doc. 346). Because the court believes oral argument would not clarify any issues in the parties' submissions or assist the court in any meaningful way, that request is denied.

waters of the Verdigris River caused an emergency shutdown of the refinery and the accidental release of approximately 80,000 gallons of crude oil. The flood waters transported the crude oil into and around the City of Coffeyville and caused extensive damage. Plaintiff alleges that it has expended more than fifty million dollars for remediation, settlements, administrative costs, litigation costs, and fines associated with the oil pollution but has not been fully reimbursed for its expenditures.[2]

## National's Motion to Compel

Two of the issues in this litigation are the amount and reasonableness of plaintiff's reimbursement for damages caused by the release of crude oil into the flood waters. Of particular importance to National Union are the valuation methodologies used by plaintiff to assess and resolve the damage claims of third parties.[3] To secure information relevant to this issue, National Union served two separate sets of production requests for documents related to third-party claims and the "underlying lawsuits."[4] National Union now moves to

---

[2] After this case was filed, Liberty Insurance and plaintiff settled their dispute and Liberty paid plaintiff its policy limit of twenty-five million dollars. Plaintiff has "excess" insurance coverage with Illinois Union and National Union and each policy has a limit of twenty-five million dollars.

[3] One example would be whether plaintiff factored in flood damage that would have occurred regardless of the release of oil.

[4] National Union refers to these third-party lawsuits against Coffeyville Resources for property damage as the "underlying lawsuits." Plaintiff refers to the cases as the "OPA [Oil Pollution Act] lawsuits." For editorial consistency, the court will refer to the third-party lawsuits against Coffeyville Resources as the "underlying lawsuits."

compel plaintiff to produce (1) correspondence with opposing counsel in seven underlying lawsuits and (2) certain correspondence related to plaintiff's retained expert opinions in the underlying lawsuits. The parties' arguments are discussed in greater detail below.

**Correspondence Related to Seven Underlying Lawsuits**

Because plaintiff's claims against National Union for reimbursement are based on payments plaintiff made to third-parties, the circumstances surrounding the amount and settlement of seven underlying lawsuits constitute relevant discovery.[5] Indeed, plaintiff provided National Union with the pleadings, discovery, and expert reports in the underlying litigation. However, plaintiff objects to producing correspondence with opposing counsel, arguing that the motion to compel is untimely and the requested correspondence between counsel is irrelevant.

Plaintiff contends that National Union's motion is untimely because D. Kan. Rule 37.1(b) requires that any motion to compel discovery be filed and served within 30 days of the default or service of the response, answer, or objection.[6] Because plaintiff provided

---

[5] For example, National Union contends that there is an inconsistency in how plaintiff evaluated personal property and real property damage claims and whether damage was caused by flood water (which would not be covered by National Union's policy) or oil pollution (which arguably is covered by National's policy).

[6] Plaintiff's insistence that the 30-day time limit be rigidly enforced is surprising given the multiple instances when plaintiff requested leave to complete some requirement out of time in this case because of "the press of business and lack of prejudice to defendants." A cursory review of pretrial rulings reveals at least three instances where plaintiff sought and was granted relief from deadlines.

supplemental discovery responses on August 12, 2010 and National Union waited until February 8, 2012 to file its motion, plaintiff argues that the motion is untimely and should be summarily denied. As explained below, National Union has shown good cause for the delay in filing its motion to compel and plaintiff's timeliness argument is not persuasive.

On October 8, 2008, six months before the April 15, 2009 close of fact discovery, National Union served plaintiff with its first set of production requests and plaintiff served its responses on November 10, 2008. National Union served its second set of production requests on December 31, 2008 and plaintiff responded on February 2, 2009. Although various objections were asserted, plaintiff produced its correspondence with third-parties who had asserted claims but had not yet filed lawsuits.

As of the April 15, 2009 fact discovery deadline, only one underlying lawsuit was pending against defendant. Following the April 15 deadline, six new underlying lawsuits were filed against plaintiff and plaintiff supplemented its discovery responses on October 21, 2009, August 12, 2010, and October 18, 2011. The problem with plaintiff's reliance on August 12, 2010 as the trigger date for National Union's 30-day deadline for filing a motion to compel is that plaintiff was continually supplementing or promising to supplement its discovery responses and it was virtually impossible for National Union to determine the date of plaintiff's "non-compliance." Moreover, production was informal and plaintiff never filed a notice of service of production as required by D. Kan. Rule 26.3(c). This failure to file a notice of service was particularly prejudicial to National Union because, through a mix-up in the mail room, National Union's counsel was unaware that plaintiff had sent any

supplemental responses in August 2010.[7] Under the circumstances, plaintiff's objection that the motion is untimely is rejected.

Plaintiff also objects that National Union is attempting to make plaintiff's counsel a witness in the case. This argument is not entirely clear because the issue of whether plaintiff's counsel is a witness depends on the legal and factual issues in the case and not because of any discovery request.[8] The objection based on counsel's possible status as a witness is rejected and National Union's motion to compel the correspondence between plaintiff and opposing counsel in the seven underlying cases is granted.

**Plaintiff's Communications with Retained Experts**

National Union also seeks production of plaintiff's relevant and non-privileged correspondence between plaintiff and its retained testifying expert witnesses in ***the underlying lawsuits***. National Union contends that it is entitled to the facts, data, or assumptions the party's attorney provided to the expert under Fed. R. Civ. P. 26(b)(4)(C)(i)-(iii). Plaintiff objects, arguing that the request is untimely. For the reasons stated above, plaintiff's "untimely" objection is rejected and the motion to compel the facts, data and

---

[7] Plaintiff did not mention the August 12, 2010 production to counsel or the court until 2012.

[8] Arguably, plaintiff's counsel might be a witness on plaintiff's claim for attorney fees. However, because the context in which plaintiff's counsel might be a witness is not entirely clear, the court expresses no opinion on the issue at this time.

-5-

assumptions plaintiff provided to the experts is granted.[9]

**IT IS THEREFORE ORDERED** that National Union's motion to compel **(Doc. 336)** is **GRANTED.** Plaintiff shall provide the requested documents on or before **May 16, 2012**.

**IT IS FURTHER ORDERED** that plaintiff's motion for oral argument **(Doc. 346)** is **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 26th day of April 2012.

        S/Karen M. Humphreys
        KAREN M. HUMPHREYS
        United States Magistrate Judge

---

[9] Both parties assume without analysis that Rule 26(b)(4)(C)(i)-(iii) applies to *retained testifying experts for other cases.* Neither party raises the issue and resolution of the scope of the rule remains for another day.