## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

```
COFFEYVILLE RESOURCES REFINING    )
& MARKETING, LLC,                 )
                                  )
                    Plaintiff,    )   Civil Action
                                  )
v.                                )   No.  08-1204-MLB
                                  )
LIBERTY SURPLUS INSURANCE CORP.,  )
ILLINOIS UNION INSURANCE COMPANY, )
NATIONAL UNION FIRE INSURANCE     )
COMPANY OF PITTSBURGH, PA.,       )
WESTCHESTER FIRE INSURANCE COMPANY,)
                                  )
                    Defendants.   )
_____)
```

## **MEMORANDUM AND ORDER**

Before the court are motions by defendants National Union (National) and Illinois Union (Illinois) to preclude plaintiff from asserting waiver and estoppel theories in the pretrial order. (Docs. 355, 356). Plaintiff has filed a response. (Doc. 357). For the reasons stated herein, the motions are denied.

## **I. Background**

In the draft of the pretrial order, plaintiff listed two issues of disputed fact: (1) whether defendants have waived the right to assert arguments which attack plaintiff's claim resolution methodology and (2) whether defendants are estopped for the same reason. In its response, plaintiff has refined its position as follows: "[T]he waiver and estoppel doctrines are only being utilized as defenses to the insurers' attempts to deny coverage as being unreasonable or unnecessary, or flood-related damage as opposed to oil-related damage." (Doc. 357 at 9).

National and Illinois object to adding waiver and estoppel because plaintiff did not allege these theories in the complaint and did not otherwise disclose them prior to the draft pretrial order. National also points out that discovery is closed and it will be prejudicial if waiver and estoppel are allowed. (National does not say, however, it will need additional discovery or specifically how it will be prejudiced).

Illinois' position is a little different. It says it is not attacking plaintiff's claim methodology per se or asserting that a different methodology should have been used. (Doc. 356 at 2). Rather, Illinois says it intends to litigate at trial the cost category allocation and reasonableness and necessity. (Id. at 3). Illinois adds that if the court allows the claims, it should require plaintiff to clarify them. The court is a big fan of clarity, especially in the pretrial order. Nevertheless, the court cannot identify what Illinois needs to be clarified.[1]

Finally, Illinois points to coverage issues, but these appear to be legal issues which are beyond the scope of this order because they have yet to be briefed.  See, e.g., fn 3, infra.

As an initial response, plaintiff cites Judge Bostwick's ruling in Lone Star Steakhouse & Saloon, Inc. v. Liberty Mutual Ins. Group, 2003 WL 21659663 (D. Kan., Mar. 13, 2003) to support its position that it has properly and timely asserted waiver and estoppel.  Plaintiff also states, by way of an affidavit by one of its lawyers, that for over a year, National participated in more than 30 conference calls

---

[1] If Illinois will be specific, the court will consider requiring plaintiff to do so.

that addressed plaintiff's method of settling claims. (Doc. 357 at 3). Plaintiff similarly contends that representatives of Illinois frequently participated in the conferences, which, according to plaintiff, included all aspects of plaintiff's claim settlement activities. Plaintiff argues it should be allowed to assert waiver or estoppel to bar the insurers from relying on exclusions and limitations in the policies when these insurers "stood mute" while plaintiff resolved the underlying claims.

Finally, plaintiff contends Illinois waived any right to complain about the method of resolving claims because Illinois had a duty to defend the claims but chose not to. Illinois disputes this assertion. It contends it had no duty to defend until primary insurer Liberty Surplus paid out its policy limits in September of 2008, after this suit was filed. (Doc. 356 at 3).

**II. Discussion**

As Judge Bostwick noted in Lone Star Steakhouse, the rule in Kansas has traditionally been that waiver and estoppel cannot be used as affirmative claims to expand the coverage of an insurance policy, but they can be used "to forestall the forfeiture of a contract." Lone Star Steakhouse & Saloon, Inc. v. Liberty Mut. Ins. Group, 02-1185-WEB, 2003 WL 21659663, *3 (D. Kan. Mar. 13, 2003) (citing inter alia Hennes Erecting Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 813 F.2d 1074, 1078 (10th Cir. 1987)). This means the doctrines can "be used to remove the insurer's ability to rely on certain exclusions, limitation or conditions, but not to add new insuring agreements to the policy." Lone Star Steakhouse, at *3. See also Russell v. Farmers Ins. Co., Inc., 38 Kan.App.2d 290, 163 P.3d

1266 (2007) (an insured's failure to comply with a policy provision may be waived, but generally waiver and estoppel will not expand a policy's coverage).

Estoppel can thus prevent an insurance company from asserting a valid defense not related to the coverage content of the policy, such as late notice, lack of cooperation by the insured,[2] or termination of the policy. 46 C.J.S. Insurance § 1145; Traders & General Ins. Co. v. Rudco Oil & Gas Co., 129 F.2d 621 (10th Cir. 1942) (insurance company waived and was estopped to invoke policy provision prohibiting settlement by insured without its consent). In Kansas an insurer can also be subject to estoppel if it assumed control of the insured's defense without making an adequate reservation of rights. See Golf Course Superintendents Ass'n. of America v. Underwriters at Lloyd's, London, 761 F.Supp. 1485, 1492-93 (D. Kan. 1991). Also, if the insurer breached a duty to defend the insured, the insurer may be precluded from disputing the reasonableness or necessity of a settlement made by the insured, absent any evidence of collusion in the settlement. See Waugh v. American Cas. Co., 190 Kan. 725, 378 P.2d 170, 176 (1963); United Wats, Inc. v. Cincinnati Ins. Co., 971 F.Supp. 1375 (D. Kan. 1997). Some jurisdictions hold that if an insurer was responsible for the absence of an ability to make an allocation of a settlement, the insurer is liable for the entire settlement if an allocation cannot now be made. See Allan D. Windt, 2 Insurance Claims & Disputes (5th) §6:31. See also Gay & Taylor, Inc. v. St. Paul Fire & Marine

---

[2] National asserts defenses based in part on plaintiff's alleged failure to obtain consent for settlement payments and failure to cooperate in providing information to National. Proposed Pretrial Order, List of National Union's Defenses ¶¶ 28-29.

-4-

Ins. Co., 550 F. Supp. 710, 716 (W.D. Okla. 1981) (burden of apportionment placed on defendant insurer where it had ample opportunity to request apportionment but failed to do so). There may be other circumstances where waiver or estoppel can apply to an insurer's conduct. The Kansas cases make clear, however, that these doctrines do not constitute a blank check to rewrite the insurance contract.

Use of waiver or estoppel is considered an avoidance of a defense rather than an affirmative claim for relief. When the rules of pleading require a plaintiff to file a reply, an avoidance of defense must be pled in the reply. 31 C.J.S. Estoppel and Waiver § 273. But since the Federal Rules do not require a reply, no procedural default arises from a plaintiff's failure to plead such matters in the complaint. See Lone Star Steakhouse, 2003 WL 21659663 at *5; Fed.R.Civ.P. 7(a). See also Xechem, Inc. v. Bristol-Myers Squibb Co., 372 F.3d 899, 901 (7th Cir. 2004) (plaintiffs need not anticipate and plead around all potential defenses). As such, plaintiff's failure to plead estoppel or waiver in the complaint, standing alone, does not prevent it from relying on these doctrines to avoid defenses asserted by defendants.

National faults plaintiff for not disclosing waiver and estoppel and the supporting witnesses in plaintiff's initial or supplemental Rule 26(a) disclosures or in summary judgment briefs. As National notes, Rule 26 "requires a party to disclose information it may use to support its denial or rebuttal of the ... defense of another party." Fed.R.Civ.P. 26, Committee Note 2000 Amendment. The parties were specifically reminded of that obligation in a scheduling order.

-5-

(Doc. 46 at 4). When a party fails to provide information or witnesses required by Rule 26(a), it is not allowed to use the information or witnesses at trial unless the failure was substantially justified or harmless. Fed.R.Civ.P. 37(c)(1).

Because plaintiff was on notice of most of defendants' potential defenses from reservation-of-rights letters,[3] the court agrees plaintiff should have disclosed information relating to its waiver and estoppel theories in its Rule 26 disclosures. But under the factors for determining whether a failure to disclose is harmless, the court is not persuaded that plaintiff should now be precluded as a matter of law from any reliance on waiver or estoppel. See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985 (10th Cir. 1995) (listing factors). Defendants have not shown unfair surprise

---

[3] For example, a reservation-of-rights letter from Illinois dated July 24, 2007, included assertions that plaintiff's proposed residential purchase plan failed to make allocation for non-covered items such as flood damage and clean-up costs. (Doc. 356-1 at 8-9). A reservation of rights letter from National dated December 4, 2007, asserted that National was not liable to plaintiff for any clean-up costs stemming from an EPA Consent Order, and that National had not received any information that plaintiff had paid any property owner damages measured by the cost of clean-up as compensation for damage to that property. (Doc. 126-7 at 2). Under cases such as Waugh and United Wats, supra, estoppel or waiver can potentially preclude a defendant from challenging the reasonableness of plaintiff's settlements if plaintiff shows that the defendant breached a duty to defend the claims. But generally speaking, the rule appears to be that an insurer can deny liability to the extent that a settlement was excessive in light of the facts known or reasonably available to the insured at the time of settlement. See Allan D. Windt, 2 Insurance Claims & Disputes (5th) §§ 6:29, 6:31. See also Associated Wholesale Grocers, Inc. v. Americold Corp., 261 Kan. 806, 934 P.2d 65 (1997)(plaintiff has burden of initially presenting prima facie case to establish reasonableness of settlement). But see Insurance Claims & Disputes (5th) at § 6:29 (if the insured paid the settlement with its own money, the settlement amount should be presumed to be reasonable).

-6-

from plaintiff's reliance on the theories. The theories are based on plaintiff's settlement efforts and procedures and defendants cannot, and do not, say they were unaware of those efforts.  These factors weigh against defendants' claim of unfair prejudice from an asserted lack of discovery. As for the impact waiver and estoppel would have on the trial, plaintiff's reliance on these theories should not disrupt the trial provided they are limited to their proper scope under Kansas law.[4] Lastly, no evidence that plaintiff acted in bad faith has been cited. Under all the circumstances, the court concludes plaintiff's failure to previously disclose these claims is harmless.

### III. Conclusion

Defendants' Motions for Order Precluding Plaintiff from Asserting Waiver and Estoppel (Docs. 355, 356) are DENIED.

IT IS SO ORDERED.

Dated this   18th   day of July 2012, at Wichita, Kansas.

s/ Monti Belot<br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE

---

[4] This will require concerted effort by the court and the parties to prepare clear instructions (and probably special questions) to guide the jury through what, at this point anyway, appears to be a complex mix of factual and legal issues.