**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **COFFEYVILLE RESOURCES REFINING & MARKETING LLC,** ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 08-1204-MLB |
| **LIBERTY SURPLUS INSURANCE CORPORATION, et al.,** ) ) ) | |
| Defendants. ) ) | |

## MEMORANDUM AND ORDER

This matter is before the court on National Union Fire Insurance Company of Pittsburgh's ("National") renewed motion to compel production of statements or interviews of Mr. James Berry. (Doc. 359). For the reasons set forth below, the motion shall be GRANTED.

**Background**

A discovery dispute arose earlier in this litigation concerning National's request for production of a report prepared by Becht Engineering, plaintiffs' non-testifying expert consultant.[1] The court concluded that plaintiff satisfied the threshold requirements for

---

[1] The nature and background of this lawsuit have been described in detail in earlier opinions and will not be repeated. See, e.g., Memorandum and Opinion, Doc. 221.

showing that the Becht report was protected by the work product doctrine. <u>Memorandum and Opinion</u>, Doc. 221. However, the court was not persuaded, based on the then existing record, that National had established "exceptional circumstances" for production of interview notes and witness statements taken by Becht Engineering immediately after the flood and oil spill. Specifically, the court was unable to determine whether National was able to gather similar information from fact witnesses. National was granted leave to depose additional fact witnesses and, depending on the witnesses' recollections and testimony, to refile its motion to compel. Doc. 221. p. 10.

As it turns out, James Berry, one of the key witnesses to events at plaintiff's refinery during the critical hours, is unavailable for deposition because of health issues.[2] The court is satisfied that National has shown "exceptional circumstances" for the production of Mr. Berry's earlier statements and that National cannot obtain their substantial equivalent by other means. Fed. R. Civ. P. 26(b)(3)(A) and 26(b)(4)(D). Accordingly, National's motion to compel shall be granted.

**IT IS THEREFORE ORDERED** that National's renewed motion to compel **(Doc. 359)** is **GRANTED.** Plaintiff shall produce (1) all statements given by James Berry relating to the flood or oil release, (2) all Becht notes concerning interviews of Mr. Berry, and (3) all

---

[2] The court denied without prejudice National's motion to depose Mr. Berry in the fall of 2009 because of his surgery and chemotherapy treatment for cancer. More recently, Mr. Berry has displayed cognitive difficulties and apparently is disabled. Based on sealed medical reports, Mr. Berry is not capable of providing National with deposition testimony or statements concerning the relevant time period.

Becht Report excerpts describing the factual information provided by Mr. Berry. Nothing in this ruling should be construed as requiring plaintiff to produce any *opinions* or *analysis* by Becht Becht Engineering concerning Mr. Berry's factual statements. The documents shall be produced by **September 7, 2012.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 27th day of August 2012.

S/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge
