IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COFFEYVILLE RESOURCES REFINING<br>& MARKETING, LLC.,<br><br>                     Plaintiff,<br><br>v.<br><br>ILLINOIS UNION INSURANCE COMPANY<br>and NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA.,<br><br>                     Defendants. | **CIVIL ACTION**<br><br>No.  08-1204 |

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Illinois Union's motions in limine (Docs. 372, 496);

2. Coffeyville's motion in limine (Doc. 459);

3. National Union's motions in limine (Docs. 377, 378, 385, 493)[1];

4. Coffeyville's motion to preclude challenges to standing (Doc. 510).

The parties have filed the foregoing motions seeking to prohibit the admission of certain evidence at trial. To the extent it can with the information before it, the court will rule on the motions. The court cautions the parties, however, that nothing in this order will preclude the admissibility of the excluded evidence if it otherwise becomes relevant at trial. See Turley v. State Farm Mut. Ins. Co., 944

---

[1] Documents 372, 377, 378, and 385 are before the court to the extent they were taken under advisement in the order dated September 17, 2012 (Doc. 412).
    Plaintiff's additional motions for pre-judgment interest and attorney's fees (Docs. 444 and 448) will be addressed by the court after the jury trial.

F.2d 669, 673 (10th Cir. 1991) ("The better practice would seem to be that evidence of this nature ... should await development of the trial itself."). This is especially true here, because the court has no clear idea how the parties expect to try the case to the jury. By the same token, nothing said herein should be constituted as a final ruling admitting evidence to which a valid objection is made at trial.

**I. Illinois Union motion in limine (Docs. 372, 373 and 403).**

A. <u>Any mention of or evidence relating to the settlement between Liberty and plaintiff, and the allocation of Liberty's payment among coverage categories</u>. The court previously took under advisement Illinois' motion to exclude this evidence. (Doc. 412 at 15).

Illinois cites Rule 408 or alternatively, Rules 401 and 403, in support of its motion. (Doc. 497 at 3). The court previously noted the doubtful application of Rule 408 to the Liberty settlement and said that if Illinois wanted to pursue this argument "it must clarify its position and cite relevant case authority." Doc. 512 at 15. Illinois attempted to do so by string-citing cases from jurisdictions other than Kansas (federal or state) and the Tenth Circuit. (Doc. 373 at 4). It does not appear that any of the cases deal with the Rule 408 question as presented in this case. Plaintiff's response as to why the settlement is "admissible and necessary" is not particularly helpful, either.

As a practical matter, the court doubts it will be feasible to keep all references to Liberty and the Liberty settlement from being mentioned at trial. At this juncture -- i.e. prior to trial -- it is impossible to determine how the Liberty policy and settlement will be

presented to the jury. The court expects any such evidence to be limited and introduced only insofar as necessary to explain the reasonableness of plaintiff's settlements and perhaps to show the amount of plaintiff's uncompensated expenses.

Assuming the jury hears some reference to the Liberty policy or settlement, Illinois Union will not be permitted at trial to challenge plaintiff's allocation of the Liberty settlement payments (or "undo" them, as National argues). Nor will it be permitted to argue that the Liberty policy was not in fact exhausted or that the Illinois policy is not now primary coverage for property damage claims settled by plaintiff. The ship has sailed on those matters. The best way to deal with Liberty's involvement and the settlement is through limiting instructions. The court will consider any proposed instruction from plaintiff and defendants explaining, among other things, that the Liberty settlement does not preclude Illinois Union from showing that plaintiff's settlements relating to any unreimbursed expenses were unreasonable. The proposed instruction(s) must be filed on or before November 10 and should include appropriate modification to proposed claims instructions. Illinois Union's motion to exclude the evidence, however, is denied.

**II. Plaintiff's Motion to Admit a Summary of Voluminous Records. (Docs. 459, 460, 471, 473 and 490)**. Plaintiff moves to admit a summary of its expenses, costs, payments, etc., relating to the oil release, under the authority of Federal Rule of Evidence 1006 or Rule 611. It argues the summary "will simplify presentation of $33,456,028.33 worth of invoices, claim documentation, and payments, which will shorten the trial and allow the jury to concentrate on the legal arguments and

facts necessary to determine if the settlements at issue were reasonable." Doc. 460 at 9.

Illinois Union and National Union both oppose the request. They contend the summary is misleading because it "was drafted in part to correspond with CRRM's coverage position." <u>See</u> Doc. 471 at 2. They particularly object to what they contend are "slanted" cost categories and headings developed by plaintiff for purposes of litigation. They also contend plaintiff has not established the admissibility of the underlying records, making the summary inadmissible under either Rule 1006 or Rule 611(a).

The court agrees with defendants that plaintiff's summary does not qualify for admission under Rule 1006 because it reflects plaintiff's version of disputed matters. In some respects it contains argument as well as a summary of evidence. <u>See</u> e.g., <u>United States v. Bray</u>, 139 F.3d 1104, 1110 (6th Cir. 1998) (information in Rule 1006 summary must not be annotated with conclusions or inferences drawn by proponent). Plaintiff's suggestion for using the edited summary set forth in Doc. 490-1 is well taken. <u>See</u> discussion, Doc. 490 at 5-6. The edited version of the summary eliminates plaintiff's comments about coverage determinations in the summary judgment ruling, which is not an issue for the jury to decide. But for reasons that follow the court finds that an <u>appropriate</u> summary (or summaries) is absolutely essential to this case. This should not be construed as a ruling that the edited summary <u>is</u> appropriate, either as an exhibit which goes to the jury or as a demonstrative exhibit. The following general rules provide guidance.

Rule 611(a) provides the court "should exercise reasonable

-4-

control over the mode and order of examining witnesses and presenting evidence so as to (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a). The rule allows for the use of summarized exhibits otherwise inadmissible under Rule 1006. See United States v. Renteria, 720 F.3d 1245, 1252 (10th Cir. 2013).

A two-part test governs admissibility under Rule 611(a). First, the court considers whether the summary aids the jury in ascertaining the truth. Relevant factors include the length of the trial, the complexity of the case, and the possible confusion generated by a large number of exhibits. Renteria, 720 F.3d at 1253. The estimated length of trial here is not overwhelming (2-3 weeks), but the complexity of the case and possible confusion from the number of exhibits weigh strongly in favor of admitting summaries. Indeed, it may be that defendants will want to use summaries. The parties should keep uppermost in mind that this case will be decided by a jury and should plan to present their cases accordingly.

The second factor considers any resulting prejudice, including whether the preparer is available for cross-examination and whether limiting instructions can be given. Any potential for prejudice here can be sufficiently limited by instructions to the jury, which the parties may -- and should -- propose. The utility of plaintiff's modified proposed summary outweighs any potential prejudice resulting from use of the summary. Moreover, defendants have now had several years to familiarize themselves with plaintiff's cost categories, and they can hardly claim surprise on that count.

The use of an appropriate expense summary will not only be helpful in this case; in the court's view it is essential. Illinois Union's contrary suggestion that plaintiff must present the evidentiary basis for each settlement, property-by-property, for 300 or 400 individual properties, is patently absurd.[2] It would be contrary to Fed. R. Evid. 102 and Fed. R. Civ. P. 1 and would totally disregard the jury's time and ability to focus on the issues. It would take three months -- not three weeks -- to put on the underlying evidence, and in the end the jury would be unable to render an intelligent verdict with respect to each individual property. Kansas law, not to mention common sense, does not require plaintiff to proceed in that fashion. See Associated Wholesale Grocers, Inc. v. Americold Corp., 261 Kan. 806, 841, 934 P.2d 65 (1997) (endorsing the use of summary evidence such as affidavits supporting the amount of claims and testimony evaluating the strengths and weaknesses of the parties' positions); 2 Allan D. Windt, Insurance Claims and Disputes §6:29 (6th ed.) ("The reasonableness of the settlement should not be determined by conducting the very trial that the settlement avoided. The evidence should consist primarily of testimony by expert witnesses and the counsel in the underlying case with regard to what the plaintiff's likelihood of success had been and what the likely verdict range would have been had the plaintiff prevailed."). Plaintiff can attempt to demonstrate the reasonableness of settlements through the

---

[2] Illinois contends: "Instead of the Contention Chart, CRRM should put on its evidence of the alleged reasonableness and alleged covered status of each underlying settlement, and the insurers can respond, so that the jury can determine on a settlement-by-settlement basis what is reasonable and what is covered." Doc. 473 at 14.

use of summary testimony and/or by showing it used a common method or general approach to settlements. Defendants can respond in kind, as may be appropriate.

Finally, the court rejects defendants' claim that plaintiff's documents supporting its summary exhibit are inadmissible. Defendants argue that the underlying documents constitute or contain inadmissible hearsay. E.g., Doc. 471 at 10; Doc. 473 at 16. It is true that the documents must be admissible in order for plaintiff to use them in a summary. United States v. Irvin, 682 F.3d 1254, 1262-63 (10th Cir. 2012). But defendants' argument that the documents are inadmissible is unpersuasive for several reasons. First, invoices and documents that plaintiff received from contractors acting on its behalf in responding to the spill appear to constitute business records within the meaning of Rule 803(6). Plaintiff's affidavit (Doc. 460-1) shows that responding to an environmental release is now considered part of the regularly activity of a refinery and that correspondence relating to environmental claims are compiled and kept in the regular course of practice for such businesses. Moreover, to the extent the documents are used for purposes other than proving the truth of a declarant's statements, they are not hearsay. For example, records reflecting observations or statements by a claimant alleging bodily injuries or oil damage could be used by plaintiff to show its potential liabilities and its basis for settlement, as opposed to attempting to prove that the statements by the declarant about the extent of the damage were, in fact, true. Moreover, statements of property owners regarding their claims (e.g. damage to their property) are not necessarily hearsay, depending on how they are presented. See e.g.,

Fed. R. Evid. 703 and 807.

In sum, defendants' motions in limine to exclude plaintiff's cost summary is denied. Plaintiff's motion in limine for admission of an appropriate summary of the voluminous records (Doc. 459) is granted.

**III. Illinois Union Motion in Limine (Doc. 496, 497 and 509).**

1. <u>Any mention of Liberty settlement</u>. This motion is denied for the reasons previously stated.

2. <u>Plaintiff's cost summary</u>. This motion is also denied for reasons stated above.

3. <u>Any mention of any party's financial condition</u>. Plaintiff asserts that its "financial tribulations" relating to the release are relevant because, due to Illinois and National's failure to pay on their policies, plaintiff had to pay "reasonable and prudent" settlements out of its own pocket. (Doc. 509 at 4). The jury will know, of course, that the companies declined to pay. The legal reasons for their decisions are irrelevant to the issue the jury will decide, i.e. reasonableness. The court is not in a position to make further rulings at this point except to say that plaintiff's damages to its own refinery property are not relevant.

4. <u>Any mention of the insurers' claim handling, adjustment, investigation or communications</u>. The request to exclude these items will be considered in context at trial. The request is vague and overly broad. The court has ruled out waiver and estoppel issues, but it is not clear from the briefs what evidence Illinois is concerned

about or what evidence (and for what purpose) plaintiff might seek to introduce relating to defendants' actions. Plaintiff will be entitled to explain why it made the settlements it did, subject to the rulings herein. The court will consider any specific objections at trial, but expects them to be minimal, short and to the point.

    5. <u>Plaintiff's proposed trial animation</u>. Illinois contends plaintiff's trial animation of the oil release is misleading because it shows an oil slick spreading out towards the east tank farm, which Illinois contends would not have happened with the river carrying the oil downstream. Illinois contends this is a "critical defect" that will give the false impression that the flooding and the oil release happened contemporaneously.

    A demonstrative exhibit will be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion, a propensity to mislead, or needlessly cumulative presentation. <u>See</u> <u>Dahlberg v. MCT Transp., LLC</u>, 571 Fed.Appx. 641, 647 (10th Cir. 2014) (citing Rule 403). Illinois has not shown that plaintiff's animation presents a threat of misleading the jury such that the exhibit should be excluded. It is undisputed that flooding preceded the oil release and Illinois can easily put on evidence to that effect. The court is not persuaded that the animation attempts to or would lead the jury in believing otherwise. <u>See</u> <u>Eastman v. Coffeyville Res. Refining & Marketing, LLC</u>, U.S. Dist. Ct., D. Kan. No. 10-1216, Doc. 97 at 3-4 (denying motion to exclude animation; noting Eastman could cross-examine and submit proposed instructions regarding the jury's consideration of the animation).

    6. <u>Any exhibits not identified with specificity in plaintiff's</u>

exhibit disclosure. Illinois objects to plaintiff's general statement that it intends to "computer access and present if needed, each and every document which we have previously produced to you." Illinois argues the court should exclude any exhibit not identified with specificity by plaintiff.

The court will deny the motion, but without prejudice. Hundreds of exhibits have been identified by the parties (and some are still disputed, even at this late stage). The court has not seen the exhibits. Absent a concrete dispute about a particular exhibit or exhibits, the court cannot make a ruling. As for plaintiff's failure to be more specific, the court notes that when defendants challenge the reasonableness of each and every one of plaintiff's settlements, and argue that plaintiff must go property-by-property to establish the damages suffered, they can hardly claim surprise that the entirety of plaintiff's files, more or less, are potential exhibits in the case.

7. Any expert witness plaintiff did not timely disclose. Illinois argues that four witnesses "are likely to attempt to testify as experts" but were not timely listed in plaintiff's Rule 26(a)(2) disclosures.

The court will deny the motion, but without prejudice. To the extent any of these witnesses were engaged by plaintiff to assist in the cleanup and remediation process and will testify about those actions, they would likely be considered fact witnesses rather than Rule 701 or 702 experts. The court will consider any objections concerning their testimony if, as, and when necessary, but objections will not be permitted to interrupt the flow of the case before the jury. The parties should keep uppermost in mind that the court will

respect the jurors' time.

8. <u>Plaintiff's claims for attorney's fees and costs</u>. Illinois' request to exclude this evidence is granted in part. The fact that plaintiff has moved to recover attorney's fees in this action is not relevant to the jury's determination. But the potential cost of litigation to plaintiff in defending the underlying claims is a factor the jury can consider in determining whether plaintiff's settlements with property damage claimants were reasonable. Plaintiff can therefore present evidence concerning litigation costs it incurred and was facing on the underlying claims.

9. <u>Plaintiff's claim for prejudgment interest</u>. Plaintiff's claim for prejudgment interest is a legal matter for the court to decide after the jury trial. Illinois' request to exclude it from the jury trial is granted.

**IV. <u>National's Motions in Limine</u>. (Docs. 377, 378, 385, 493.).**

National renews its prior motions in limine to the extent they were not formally ruled on by the court. (Doc. 493).

1. <u>Testimony regarding National's obligation to pay fines or penalties</u>. (Doc. 377). Plaintiff's response to this motion did not address the substance of National's argument, which was that National's policy excludes coverage for payment of any fines or penalties. Doc. 377 at 1-2. Plaintiff simply argued that the jury should determine the amount of each of its cost categories and that National has not established prejudice from such evidence. (Doc. 404 at 2).

The language of the National policy plainly excludes coverage with respect to any fines or penalties. National's motion to exclude

-11-

evidence supporting any argument that National has an obligation to pay fines or penalties is granted.

    2. <u>Any attempt by plaintiff to recover costs previously allocated to the Liberty settlement</u>. (Doc. 378). This motion is granted. The allocations made by plaintiff pursuant to the Liberty settlement will not be an issue in the jury trial. Plaintiff will be limited to attempting to recover its unreimbursed costs from the release.

    3. <u>Evidence or argument relating to waiver or estoppel</u>. (Doc. 385). This motion is granted for the reasons stated by the court in the memorandum and order of October 25, 2013 (Doc. 438). There are no waiver or estoppel issues for the jury to decide.

**V. Plaintiff's motion to preclude challenges to standing (Docs. 510, 512).**

Plaintiff seeks to preclude defendants from presenting evidence concerning the real party in interest on underlying OPA claims settled by plaintiff. Although defendants have yet to respond to the motion, the court will tentatively rule on the matter given the short time remaining before trial.

The court agrees with plaintiff that evidence concerning the real party in interest on the OPA claims -- for example the relative standing of tenant farmers and landlords to assert claims -- is a legal matter that is not properly presented to the jury. The probative value of any such evidence is substantially outweighed by the danger of confusion of the issues. The motion is therefore granted, subject to defendants making of showing of some special relevance of such evidence.

**VI. Conclusion**.

The parties' motions in limine (Docs. 372, 377, 378, 385, 459, 493, 496, 510) are granted in part and denied in part as stated in this order.

IT IS SO ORDERED.

Dated this 5th day of November 2014, at Wichita, Kansas.

s/Monti Belot

Monti L. Belot

UNITED STATES DISTRICT JUDGE