IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COFFEYVILLE RESOURCES REFINING & MARKETING, LLC,   )<br>  )<br>  ) | |
| Plaintiff,   ) | **CIVIL ACTION** |
|   ) | |
| v.   ) | No.  08-1204 |
|   ) | |
| ILLINOIS UNION INSURANCE COMPANY   )<br>and NATIONAL UNION FIRE INSURANCE   )<br>COMPANY OF PITTSBURGH, PA.,   )<br>  )<br>Defendants.   ) | |

**MEMORANDUM AND ORDER**

Before the court is Illinois Union's motion for stay of execution of judgment (Doc. 593) and Coffeyville Resource's response (Doc. 597). The motion argues that Illinois Union's ability to pay the $22,231,475 judgment against it is secure enough that no supersedeas bond should be required to stay the judgment on appeal. Coffeyville Resources argues that a bond of 125% of the judgment amount should be required.

Rule 62 of the Federal Rules of Civil Procedure provides that an appellant may obtain a stay of execution of the judgment by supersedeas bond. Fed. R. Civ. P. 62(d). The local rules provide that unless the court directs otherwise, a supersedeas bond must be the amount of the judgment plus 25% to cover interest and any damages for delay. D. Kan. R. 62.2.

Case law provides that a district court has discretion to stay the proceedings without a full supersedeas bond "when the judgment creditor's interest would not be unduly endangered." Boardwalk Apts., L.C. v. State Auto Property and Cas. Ins. Co., 2015 WL 899312, *1 (D.

Kan., Mar. 3, 2015). See also Dutton v. Johnson Co. Bd. of Com'rs., 884 F.Supp. 431, 435 (D. Kan. 1995) (citing relevant factors). Waiver of the bond requirement occurs only upon the appellant demonstrating good cause. Brinkman v. Dept. of Corrections of the State of Kansas, 815 F.Supp. 407, 408 (D. Kan. 1993).

Although the court has no reason to question Illinois Union's assertion of its current good financial standing, as Coffeyville Resources points out there is no sure way of predicting future events and whether circumstances could change. The court concludes that any risk of non-payment or changed circumstances should be borne by Illinois Union rather than Coffeyville Resources, and that a supersedeas bond in the standard amount contemplated by the local rules should be required.

The court sets the supersedeas bond amount at $27,789,343.75. The judgment against Illinois Union is hereby (1) stayed temporarily until the expiration of 15 days after this order or the posting of the supersedeas bond by Illinois Union, whichever occurs first, and then (2) further stayed pending the outcome of Illinois Union Insurance Company's appeal to the Tenth Circuit Court of Appeals, provided the bond is posted. Illinois Union's motion for stay (Doc. 593) is granted to that extent.

IT IS SO ORDERED.

Dated this 10th day of April 2015, at Wichita, Kansas.

                                           s/Monti Belot
                                           Monti L. Belot
                                           UNITED STATES DISTRICT JUDGE